U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 3 0 2019

TONY R. MOORE, CLERK
BY: _____ MB
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ELDON NAQUIN and
ELAINE NAQUIN

CASE NO. 17-CV-1311

vs.

JUDGE DRELL

FOREST RIVER, INC. and
CAMPING WORLD RV
SALES, LLC

MAG. JUDGE PEREZ-MONTES

RULING

Before the court is a motion for summary judgment filed by defendants Forest River, Inc. ("Forest River") and Camping World RV Sales, LLC ("Camping World") in the above-captioned suit. (Doc. 35). For the reasons expressed below, the court finds that the motion should be DENIED.

I.     BACKGROUND

  A. Relevant Facts

Plaintiffs Eldon and Elaine Naquin ("Plaintiffs") purchased a recreational vehicle ("RV") from Camping World in Lafayette, Louisiana in March of 2016. The RV, a new 2016 Georgetown XL Class A, bearing the vehicle identification number 1F66FDY9F0A05747, was manufactured by defendant Forest River. (Doc. 1 at ¶ 7). Plaintiffs claim that the motor home was unfit for its intended use. (Doc. 1 at ¶¶ 17, 28). Plaintiffs filed suit in October of 2017 alleging numerous defects, including, but not limited to:

  1. power jack oil leaks;
  2. tile floor grout defects;
  3. countertop scratches requiring buffing;

1

4. malfunctioning slide out that was "always in a bind" and broke the smoke detector on the ceiling;
5. leaks in sewer system tanks and valves;
6. windshield automatic shade, shade near driver and shade above sofa broken;
7. scuffs and ink marks on upholstery were apparent at time of sale and plaintiffs promised replacement sofa and chair, but replacements not provided;
8. exterior leaks at the slide out causing water damage to the interior of the motor home;
9. malfunctioning door locks;
10. front bathroom vent cracked;
11. rear bathroom light fixture broken;
12. passenger door misaligned and hitting top of frame;
13. double slide adjustment needed on two rooms;
14. water heater anode rod needed replacement;
15. roof corners needed sealing;
16. leak in high pressure hose on power steering;
17. damage to interior caused by water intrusion and malfunctioning slide out; and
18. broken window gasket near couch. (Doc. 1 at ¶ 16).

Plaintiffs' suit alleges negligent repair of many of these alleged defects, as well as breach of express and implied warranty. In addition, plaintiffs assert claims under the Magnuson-Moss Warranty Act and Louisiana law of redhibition. (15 U.S.C. § 2301; La. Civ. C. Arts. 2520, *et seq.*).

Defendants filed a joint motion to dismiss for failure to state a claim (Doc. 5), which was granted in part, dismissing all breach of express warranty claims by plaintiffs under the Magnuson-Moss Warranty Act. (Docs. 22, 25). The motion was denied in part, preserving plaintiffs' claims for breach of implied warranty under both the Magnuson-Moss Warranty Act and Louisiana's law of redhibition. (Id.)

The instant motion urges dismissal of plaintiffs' remaining claims on the basis that plaintiffs fail to demonstrate the required elements of a successful claim for redhibition under Louisiana law. (Doc. 35-1 at pp. 4-5). Plaintiffs' response also seeks to proceed under the Louisiana Unfair Trade and Consumer Protection Law ("LUPTA"). (La. R.S. 51:1401). (Doc. 39 at p. 2).

II.  ANALYSIS

A. Redhibition

All sales in Louisiana carry with them an implied warranty against redhibitory defects or vices in the thing sold. Ray v. Cuccia, 298 So.2d 840 (La. 1974). A defect is redhibitory when it renders the thing sold useless or its use so inconvenient that it may be said that a reasonable purchaser would not have bought the thing had he known of the defect prior to the sale. The existence of a redhibitory defect gives the buyer of the thing the right to obtain rescission of the sale. La. Civ. C. Art. 2520.

In a suit for redhibition, the plaintiff must show:

> (1) The thing sold is absolutely useless for its intended purposes or that its use is so inconvenient that it must be supposed that he would not have bought it had he known of the defect; (2) that the defect existed at the time he purchased the thing, but was neither known or apparent to him; (3) that the seller was given the opportunity to repair the defect. Alston v. Fleetwood Motor Homes of Indiana, Inc., 480 F.3d 695, 699 (5th Cir. 2007) *quoting* Dalme v. Blockers Mfd. Homes, Inc., 779 So.2d 1014, 1028 (La. Ct. App. 3 Cir. 2001).

Defendants argue that plaintiffs fail to meet their burden of proof as to the first and third elements of their redhibition claim in this matter. Defendants' motion focuses on the following alleged defects: power jack oil leaks; regrouting of tile floor; countertop scratches; nonfunctional slide out; broken sewage dump valves; broken automatic windshield shade; scuffed leather sofa; and broken door lock. (Doc. 35-1 at p. 5). Citing various narrow passages from Mr. Naquin's deposition, defendants assert that plaintiff's own testimony shows that none of these alleged defects prevented plaintiffs from using the motor home. Having reviewed the evidence and briefs, as well as applicable jurisprudence, we agree that, under Louisiana law, the collective impact of many defects may result in a finding of redhibitory defect, even when some or many of the individual defects have been repaired. Young v. Ford Motor Co., Inc. 595 So.2d 1123 (La. 1992)

3

*citing* Cangelosi v. McInnis Peterson Chevrolet, Inc., 373 So. 2d 1346 (La. App. 1 Cir. 1979) *and* Perrin v. Read Imports, Inc., 359 So.2d 738 (La. App. 4 Cir. 1978). This is true even when some of the defects can fairly be characterized as "minor." Jones v. Winnebago Industries, Inc., 92 So.3d 1113, 1118 (La. App. 2 Cir. 2012) *citing* Berney v. Rountree Olds-Cadillac Co., 763 So.2d 799 (La. App. 2 Cir. 2000). We agree that the evidence before us shows that the power jack oil leaks, tile floor grout, countertop scratches, sewage dump valves, windshield shade, and door locks have been repaired to plaintiffs' satisfaction and, thus, provide no impediment to their use of the motor home. (Doc. 39-2 at 49:14-17; 49:18-23; 49:24-50:3; 60:8-10; 60:11-24). We find that perhaps the most severe of the alleged defects remains outstanding: the broken slide out, interior damage caused by the broken slide out and water intrusion damage associated with the broken slide out. (Id. at 50:6 – 56:25; 69:8 - 74:25). The evidence indicates that these issues have not been repaired. Further, Mr. Naquin testified that he is unable to use the motor home as intended because of these issues. (Id. at 120:17 – 122:25).[1]

Plaintiff's testimony indicates that the slide out was demonstrated to him at Camping World at the time of purchase and worked properly. (Id. at 51:21-23). Plaintiff further testified that he first began experiencing problems with the slide out approximately six (6) months post-purchase. (Id. at 51:24 – 52:18). The implied warranty against redhibitory defects covers only hidden defects, not defects known to the buyer at the time of the sale, or those that should have been discovered by a reasonably prudent buyer. La. Civ. C. Art. 2521. Plaintiff must show that the defect both existed at the time of sale and that he afforded the seller an opportunity to repair

---

[1] The court finds defendants' characterization of certain passages of Mr. Naquin's testimony misleading. Specifically, as an example, at p. 6 of defendants' memorandum in support of their motion, they offer a small "chart" listing the motor home's alleged defects, whether the defect impaired the plaintiffs' use with a citation to Mr. Naquin's testimony. (Doc. 35-1). The cited testimony regarding the slide out constituted, in the court's view, a misrepresentation. Counsel is advised to avoid any further instances of this sort before this court.

the thing. Wilks v. Ramsey Auto Brokers, Inc., 132 So. 3d 1009, 1013 (La. App. 2 Cir. 2014) *citing* Gaston v. Bobby Johnson Equip. Co., Inc., 771 So.2d 848 (La. App. 2 Cir. 2000). Neither party addresses the issue of the timing of discovery of the malfunctioning slide out, but we assume for the purpose of this motion that defendants do not contest the reasonableness of plaintiffs' inspection of the RV or the inference that the alleged defect existed at the time of sale. Evidence before the court clearly shows that plaintiffs afforded the seller opportunities to repair the slide out, satisfying that element of plaintiffs' claim. (Doc. 40 at p. 4; Doc. 9-2 at p. 22; Doc. 39-2 at 53:13 – 57:19). We note that defendants assert several defects alleged by plaintiffs were never brought to Camping World's attention and, thus, Camping World was not afforded an opportunity to repair. (Doc. 45 at p. 4 citing Doc. 39-2 at 99:20-22). To the extent that these items were not presented to Camping World for repair, we would agree that they should not be considered as forming a basis for rescission of the sale but may be considered as part of the basis for a reduction in sale price, another remedy available in redhibition where full redhibition is not appropriate. David v. Thibodeaux, 916 So.2d 214, 219 (La. App. 1 Cir. 2005) (internal citations omitted).

Given these findings, we conclude that plaintiffs have adequately met their burden of proof at the summary judgment stage regarding their Louisiana law redhibition claims and, for that reason, summary judgment must be denied on those claims.

Turning to plaintiffs' claims for negligent repair against Camping World, we agree with plaintiffs' theory that they may maintain a cause of action against Camping World separate from their redhibition claim against Forest River. Prokop v. Mack Trucks, Inc., 694 So.2d 387 (La. App. 5 Cir. 1996). Evidence before the court, again, demonstrates a basis upon which a reasonable fact finder might find that Camping World failed to fulfill its duty to make repairs after being apprised of the nature and severity of the alleged defects to the slide out with the resulting interior

damage and water intrusion issues. Given this finding, we do not find summary judgment appropriate as to plaintiffs' negligent repair claims and defendants' motion will be denied as to such claims.

We now address plaintiffs' contention, raised for the first time in their opposition to the instant motion, that plaintiffs' complaint also contains claims pursuant to LUTPA. Reviewing plaintiffs' complaint, we find no reference to any unfair, deceptive or unethical trade practice, such as are traditionally the basis for LUTPA claims under Louisiana law. Omnitech Intern., Inc. v. Clorox Co., 11 F.3d 1316 (5th Cir. 1994) (internal citations omitted). Moreover, claims under LUTPA are subject to a one-year peremptive period. Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc., 292 F.3d 471, 481 (5th Cir. 2002). Our review of the record reveals no motion for leave to amend, either separate from or consolidated with any other brief or filing. As cited above, such motion would likely be futile, given the absence of supporting allegations in plaintiffs' complaint and the preemption of any such claim under Louisiana law, considering the 2016 sale of the RV in question. Thus, we do not agree that purported claims under LUTPA are a valid defense to the instant motion for summary judgment.

III. CONCLUSION

For the reasons expressed herein above, the court finds that defendants' instant motion for summary judgment should be DENIED in all respects. Plaintiffs have successfully sustained their burden of proof as to claims for redhibition and negligent repair in order to maintain these claims at this stage of litigation. A judgment in conformity with these findings will issue.

September 30, 2019
Alexandria, Louisiana

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT